IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER WILLIAM ODEN,

    **Plaintiff,**

v.                                                                                                       Civil Action No. 3:15cv65

CAROLYN W. COLVIN, Acting Commissioner
of Social Security, *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Plaintiff Christopher William Oden, a federal inmate proceeding *pro se*, filed this civil action challenging the Social Security Administration's denial of social security benefits. (ECF No. 3.) This matter is before the Court on the Report and Recommendation ("R&R") of the United States Magistrate Judge David J. Novak (ECF No. 14) regarding Defendant Carolyn W. Colvin, Acting Commissioner of Social Security's ("the Commissioner") motion to dismiss for lack of subject matter based on Oden's failure to timely file the Complaint and failure to name the proper defendant (ECF No. 9–10). The R&R recommends that this Court grant in part and deny in part the motion to dismiss. (R&R 2, ECF No. 14.) Specifically, the R&R recommends that the Court grant the motion to dismiss the Complaint as to Defendant Administrative Law Judge Stewart Goldstein ("the ALJ") because the ALJ is not a proper defendant. (*Id.*) The R&R recommends denying the motion to dismiss the Complaint as to untimeliness because the Commissioner withdrew this challenge. (*Id.*)

The R&R advised both parties of the opportunity to file objections. (*Id.* at 3.) Oden filed a "Motion to Retain Both Defendants in Plaintiff's Civil Suit." (ECF No. 15.) The Commissioner interpreted Oden's motion as an objection to the R&R and responded. (ECF

1

No. 16.) Although styled a motion, the substance of Oden's submission challenges the recommendation to dismiss the ALJ. (*See* Mot. Retain Both Defs. 1, ECF No. 15.) Therefore, the Court likewise construes Oden's submission as an objection to the R&R. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, this matter is now ripe for disposition.

For the reasons discussed below, the Court overrules Oden's objection, adopts the R&R, and grants in part and denies in part the Commissioner's Motion to Dismiss. (ECF No. 9.) To the extent necessary, the Court denies Oden's motion to retain the ALJ as a defendant. (ECF No. 15.) This action is dismissed as to the ALJ and shall proceed against the Commissioner.

## I. Background[1]

On February 3, 2015, Oden submitted his motion for leave to proceed *in forma pauperis*. (ECF No. 1.) Oden included a copy of this proposed Complaint with his motion. (ECF No. 1-1.) On March 4, 2015, the Magistrate Judge granted Oden leave to proceed *in forma pauperis* and directed the Clerk to file the Complaint. (ECF No. 2.) The Complaint alleges improper denial of Social Security disability insurance benefits. (Compl. 3, ECF No. 3.)

On May 5, 2015, the Commissioner moved to dismiss the Complaint for lack of subject matter jurisdiction based on Oden's improper inclusion of the ALJ as a defendant.[2] (ECF Nos. 9–10.) The Commissioner contends the ALJ is not a proper defendant in this case pursuant

---

[1] The Court declines to address the factual allegations in the Complaint given the procedural posture of this case and the limited question addressed in the R&R.

[2] The Commissioner also moved to dismiss on the ground that Oden's Complaint was not timely, but later withdrew this timeliness challenge.

2

to 20 C.F.R. § 422.210(d).[3] In response, Oden argues that the ALJ "abused his authority" and thus can be a proper defendant. (Pl.'s Resp. Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n") 4, ECF No. 12.)

## II. Standard of Review

This Court reviews *de novo* any part of the Magistrate Judge's R & R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition. *Id.*

A Rule 12(b)(1) motion to dismiss can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n, v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In a facial challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

A Rule 12(b)(1) motion may also challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a factual challenge, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the

---

[3] In a civil action seeking judicial review of a denial of a claim for social security benefits, "the person holding the Office of the Commissioner shall, in his [or her] official capacity, be the proper defendant." 20 C.F.R. § 422.210(d).

3

trial court from evaluating for itself the merits of jurisdictional claims. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In a factual challenge, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.

### III. Analysis

Oden's continued assertion that he may maintain a claim for the denial of disability benefits against the ALJ lacks merit. In a complaint challenging the denial of disability benefits, like Oden's, "the only proper defendant is [the] Commissioner." *Brown v. Astrue*, No. 3:12cv312, 2013 WL 2182306, at *5 (E.D. Va. May 20, 2013) (citing 20 C.F.R. § 422.210(d)). Thus, Oden's claim against the ALJ fails as a matter of law because the ALJ is not the Commissioner. *Id.*; 20 C.F.R. § 422.210(d). Oden's assertions regarding qualified immunity in his objection are frivolous in light of the clear regulatory language setting forth the proper defendant in this case.

Because the ALJ is not a proper defendant, this Court lacks subject matter jurisdiction over any claims asserted against the ALJ. Therefore, this Court must dismiss the ALJ as a defenant.

### IV. Conclusion

For the foregoing reasons, the Court overrules Oden's objections, adopts the R&R, and grants in part and denies in part the Commissioner's Motion to Dismiss (ECF No. 9). This action is dismissed as to Defendant Administrative Law Judge Stewart Goldstein and shall

4

proceed against the Commissioner. To the extent necessary, the Court denies Oden's motion to retain the ALJ as a defendant. (ECF No. 15.)

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 7-9-15